UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA

     -v.-                         ORDER

CURTIS MACK,                    12-CR-111-2 (CS)

              Defendant.
---------------------------------------------------------x

Seibel, J.

Before the Court is Defendant Curtis Mack's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." (ECF No. 624.)  He argues that a reduction is warranted based on the COVID-19 pandemic and his efforts at rehabilitation, and because he would have received a shorter sentence if he were sentenced today.  (*Id.* at 2.)

On December 16, 2012, Defendant was sentenced principally to 171 months' imprisonment.  (ECF No. 274.)  On June 20, 2016, that sentence was reduced to 159 months.  (ECF No. 423.)  His projected release date, according to the Bureau of Prisons ("BOP") is June 6, 2025.

Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community.  Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the

defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing

a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an

extraordinary and compelling reason other than or in combination with one of the above.  But

"[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline §

1B1.13, limits the district court's discretion."  *United States v. Brooker*, 976 F.3d 228, 237 (2d

Cir. 2020).  "The defendant has the burden to show he is entitled to a sentence reduction" under

Section 3582(c)(1)(A).  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Extraordinary and compelling circumstances are not present here.  Defendant describes

no health condition that would put him at increased risk for a severe case were he to contract

COVID-19.  He is incarcerated at USP Canaan which, according to BOP, has no current inmate

or staff cases of COVID-19.  Further, Defendant refused the vaccine, which is safe and effective.

"In declining vaccination . . . [Defendant] declined the opportunity to reduce his risk exposure to

COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining

vaccination will be rewarded with a sentence reduction."  *United States v. Lohmeier*, No. 12-CR-

1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) (collecting cases for proposition that

circumstances are not extraordinary and compelling where defendant refused vaccination);

*United States v. Gonzalez Zambrano*, No. 18-CR-2002 2021 WL 248592, at *5 (N.D. Iowa Jan.

25, 2021) ("Although [Defendant] requests that the Court take immediate action to reduce her

sentence and release her due to the threat of COVID-19, she herself was not willing to inoculate

herself against that same disease.  Although defendant has a right to refuse medical treatment, the

Court finds that it would be inappropriate to reward her refusal to protect herself by granting her

release.  It would be paradoxical to endorse a system whereby a defendant could manufacture

extraordinary and compelling circumstances for compassionate release by unreasonably refusing

the health care afforded to them.").  Accordingly, I do not believe extraordinary and compelling

circumstances exist based on COVID-19 risk.

Nor do the conditions implemented during the pandemic elevate Defendant's situation to

that level.  I do not mean to minimize the difficulty that the pandemic has caused for inmates (or

those on the outside, for that matter), but those universal conditions do not give rise to

extraordinary and compelling circumstances. *See United States v. Pinto-Thomaz*, 454 F. Supp. 3d

327, 331 (S.D.N.Y. 2020).

Defendant suggests he is rehabilitated.  While Defendant having participated in programs

and stayed out of trouble is commendable, "[r]ehabilitation of the defendant alone shall not be

considered an extraordinary and compelling reason."  28 U.S.C.A. § 994(t).  While I may

consider it in combination with other factors in determining whether there are extraordinary and

compelling reasons for a sentence reduction, *see United States v. Torres*, 464 F. Supp. 3d 651,

661 (S.D.N.Y. 2020); *see also Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a

court may consider to be extraordinary and compelling  is that '[r]ehabilitation . . . *alone* shall

not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t))

(emphasis in *Brooker*), I do not find that any combination of circumstances here rises to that

level.  Making good use of one's time in prison is not uncommon, and indeed is expected.  *See*

*United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020).

Finally, Defendant is incorrect that he would have received a lower sentence if sentenced

today.  He relies on *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), but: 1) that case

addresses the definition of "controlled substance offense" under Section 4B1.2(b) of the U.S.

Sentencing Guidelines, which was not at issue in Defendant's case; and 2) the Second Circuit

does not follow *Havis*, *see United States v. Tabb*, 949 F.3d 81, 87 (2d Cir. 2020), *cert. denied*,

141 S. Ct. 2793 (2021).[1]

Accordingly, I conclude that the reasons advanced by Defendant do not, individually or

collectively, amount to extraordinary and compelling circumstances.  Thus, the motion is denied.

The Clerk of Court is respectfully directed to terminate ECF No. 624, and to send a copy of this

Order to Curtis Mack, No. 66363-054, USP Canaan, U.S. Penitentiary, P.O. Box 300, Waymart,

PA  18472 .

Dated:  March 28, 2022
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[1] *United States v. McCall*, 20 F.4th 1108 (6th 2021), is also from the Sixth Circuit, not the
Second, and involved a court that had failed to consider *Havis*.