Mr. Yannella is hereby reappointed to represent Mr. Mack for purposes of an Amendment 821 motion.  Probation is respectfully directed to prepare a supplement PSR for Mr. Mack addressing his eligibility.

SO ORDERED.

*Cathy Seibel*  5/17/24
CATHY SEIBEL, U.S.D.J.

Law Offices of
# Donald J. Yannella
A NY Professional Corporation
Email:  nynjcrimlawyer@gmail.com
Tel:  (212) 226-2883
Fax:  (646) 430-8379

**135 Prospect Street**  **299 Broadway, Suite 800**
**Ridgewood, NJ  07450**  **New York, NY  10007**

May 17, 2024

Hon. Cathy Seibel
United States District Judge
300 Quarropas Street
White Plains, NY  10601

Re:  United States v Curtis Mack, 12 Cr. 111 (CS)

Dear Judge Seibel:

I was counsel for Curtis Mack in the underlying case.  Mr. Mack appears to be eligible for a sentence reduction based upon the "status points" amendment to the Sentencing Guidelines.  I respectfully request that Your Honor (1) reappoint me as counsel under the Criminal Justice Act for purpose of making a motion for a sentence reduction, and (2) direct the United States Probation Department issue a revised report stating whether Mr. Mack is eligibility for a "status point" reduction under Amendment 821 of the Guidelines.

At the time of his original sentencing, Mr. Mack was in Criminal History Category V because he had 10 criminal history points, which included **two "status points."**  Under the amended Guidelines, he gets only **one "status point"** for having been under a criminal justice sentence when instant offense was committed.  That one criminal history point makes a difference because it changes his Criminal History Category IV.  The Guidelines range applicable for Mr. Mack is reduced to 151 to 188 months. With the 29 month adjustment that the Court granted pursuant to 5G1.3, for 29 months served in state prison for relevant conduct, the sentence would potentially get adjusted to as low as 122 months.

**Original sentence imposed in 2013**:

When the Court originally sentenced Mr. Mack on December 16, 2013, the parties' plea agreement stipulated that Mr. Mack's total offense level was 33 and that he was in Criminal History Category V. The Court adopted those calculations and found that the sentencing range was 210 to 262 months' imprisonment.  Intending to impose a

sentence of 200 months (a ten-month variance), and also adjusting Mr. Mack's sentence under 5G1.3 for the 29 months served during state court prosecutions for relevant conduct, the Court sentenced Mr. Mack to 171 months.

**Sentence Reduction in 2016**:

In 2016, I made a for a sentence reduction, premised on the two-level decrease in the base offense level for the heroin quantity under the November 2015 Guidelines. (Dkt. No. 416).

On June 20, 2016, the Court issued an order, pursuant to Amendment 782, reducing Mr. Mack's sentence from 171 months to 159 months. (Dkt 423). The Court started out by summarizing how the original sentence had been calculated:

> Original range was 210 to 262 months. The Court intended a total punishment of 200 months, but adjusted downward 29 months under USSG 5G1.3(b) for 29 months time served on state charges for conduct that was relevant conduct to the instant case, with federal sentence to run concurrent with the remainder of the state sentence. Hence the original sentence was 171 (which is 200 less 29).

The Court's Order then explained how it arrived at a reduced sentence of 159 months, under Amendment 782:

> New range is 168 to 210 months. The Court intends a total punishment of 188 months-within the amended range- but adjusted downward for the same 29 months to get to 159 months (which is 188 less 29). See <u>United Stales v. Abreu</u>, No. 10-CR-789, 2015 WL 9413100 (E.D.N.Y. Dec. 21, 2015) (sentence below low end of amended range is allowed under Section 3582 to account for 5Gl .3(b) adjustment, which is in the nature of a mandatory credit). In other words, everything should remain the same except Defendant should serve 12 months less than originally imposed. (Dkt. No. 423).

A copy of that Order is attached as an Exhibit.

**Conclusion**:

Mr. Mack respectfully requests that I be reappointed under the Criminal Justice Act to represent him on this motion. Also, he requests that the United States Probation Department be ordered to issue a report screening him for eligibility for a "status point" sentence reduction under Amendment 821.

Thank you for your courtesy and attention to this matter.

          Sincerely,

          /s/
          Donald J. Yannella

cc.    Curtis Mack, Reg No. 66363-054
       Beaumont Medium FCI

Case 7:12-cr-00111-CS   Document 625   Filed 06/20/16   Page 1 of 2

AO 247 (Rev. 11/11) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| United States of America<br>v.<br>Curtis Mack | Case No:   12-CR-111(2)(CS)<br>USM No:   Not available (NYS DOCCS DIN # 14 A 1000) |
| Date of Original Judgment:   Dec. 16, 2013<br>Date of Previous Amended Judgment:   _____<br>*(Use Date of Last Amended Judgment if Any)* | Donald Yannella, Esq.<br>*Defendant's Attorney* |

## *CORRECTED* ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☐ DENIED. ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of   171   months **is reduced to**   159 months   .

*(Complete Parts I and II of Page 2 when motion is granted)*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/16

Except as otherwise provided, all provisions of the judgment dated   Dec. 16, 2013   shall remain in effect.

**IT IS SO ORDERED.**

Order Date:   June 17, 2016

Effective Date: _____
*(if different from order date)*

/s/ Cathy Seibel
*Judge's signature*

Cathy Seibel, U.S.D.J.
*Printed name and title*

AO 247 (Rev. 11/11)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)        Page 2 of 2 (Page 2 Not for Public Disclosure)

## This page contains information that should not be filed in court unless under seal.
### (Not for Public Disclosure)

DEFENDANT: Curtis Mack
CASE NUMBER: 12-CR-111(2) (CS)
DISTRICT: S.D.N.Y.

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

| | | | |
|---|---|---|---|
| Previous Total Offense Level: | 33 | Amended Total Offense Level: | 31 |
| Criminal History Category: | V | Criminal History Category: | V |
| Previous Guideline Range: | 210 to 262 months | Amended Guideline Range: | 168 to 210 months |

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☒ The reduced sentence is within the amended guideline range. *See below*.

☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.

☐ The reduced sentence is above the amended guideline range.

### III. ADDITIONAL COMMENTS

Original range was 210-262. The Court intended a total punishment of 200 months, but adjusted downward 29 months under USSG 5G1.3(b) for 29 months time served on state charges for conduct that was relevant conduct to the instant case, with federal sentence to run concurrent with the remainder of the state sentence. Hence the original sentence was 171 (which is 200 less 29).

New range is 168-210. The Court intends a total punishment of 188 months – within the amended range – but adjusted downward for the same 29 months to get to 159 months (which is 188 less 29). *See United States v. Abreu*, No. 10-CR-789, 2015 WL 9413100 (E.D.N.Y. Dec. 21, 2015) (sentence below low end of amended range is allowed under Section 3582 to account for 5G1.3(b) adjustment, which is in the nature of a mandatory credit).

In other words, everything should remain the same except Defendant should serve 12 months less than originally imposed.