AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| United States of America<br>v.<br>Curtis Mack | Case No: 12-CR-111-2 (CS)<br>USM No: 66363-054 |
| Date of Original Judgment: 12/16/2013<br>Date of Previous Amended Judgment: 06/16/2016<br>*(Use Date of Last Amended Judgment if Any)* | Donald J. Yanella III<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED. ☑ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of   159   months **is reduced to**   153  .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

No reduction more than six months is warranted based on the need to protect the public, provide just punishment, promote respect for the law, and recognize the nature and circumstances of the offense, given the gravity of the conduct and Defendant's lengthy and violent criminal history

Original range was 210-262. The Court intended a total punishment of 200 months, but adjusted downward 29 months under USSG 5G1.3(b) for 29 months time served on state charges for conduct that was relevant conduct to the instant case, with federal sentence to run concurrent with the remainder of the state sentence. Hence the original sentence was 171 (which is 200 less 29). After the "minus two" amendment, the amended range was range was 168-210. The Court intended a total punishment of 188 months – within the amended range – but adjusted downward for the same 29 months to get to 159 months (which is 188 less 29). See United States v. Abreu, No. 10-CR-789, 2015 WL 9413100 (E.D.N.Y. Dec. 21, 2015) (sentence below low end of amended range is allowed under Section 3582 to account for 5G1.3(b) adjustment, which is in the nature of a mandatory credit). In other words, I intended that everything should remain the same except Defendant should serve 12 months less than originally imposed. Now under Amendment 821 and its reduction in "status points," the amended range is 151-188 months. I intend a total punishment of 182 months -- within the amended range -- but adjust downward for the same 29 months to get to 153 months. In other words, everything should stay the same except Defendant should serve 6 months less than last imposed.

Except as otherwise provided, all provisions of the judgment dated   06/16/2023   shall remain in effect.
**IT IS SO ORDERED**.

Order Date:   08/30/2024

*Cathy Seibel*
*Judge's signature*

Effective Date: _____
*(if different from order date)*

Cathy Seibel, U.S.D.J.
*Printed name and title*